UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:12-CR-67-DCR

UNITED STATES OF AMERICA                                             PLAINTIFF


V.                    **MEMORANDUM ADDRESSING
                      "SEXUALLY EXPLICIT CONDUCT"**


ERIC LANCE WHITSON                                                   DEFENDANT


During the re-arraignment of the Defendant, the Court asked the United States to address before sentencing why the conduct described within the factual basis of the plea agreement constituted "sexually explicit conduct" for the purposes of production of child pornography. This memorandum applies the admitted facts of the case to the law that defines "sexually explicit conduct."

## Case Facts

The Defendant pled guilty to Count 1 (production of child pornography) pursuant to a written plea agreement and admitted the following facts:

(a) On or about October 30, 2012, the Defendant videotaped in two segments a minor male victim as the victim urinated at the Defendant's residence in Pulaski County, within the Eastern District of Kentucky. The first and second segments are 45 and 47seconds long, respectively, and both focus directly on the genitals of the victim. The minor was unaware the video was being made. The camera that was used to make the images was concealed in a black box that sat atop the tank portion of the toilet. The box was setup with holes in the front and

1

the sides and was constructed in a manner that items, such as spare toilet paper, could be stored in the open portions of the box. The center portion had a top nailed on and a door that opened to the back. The camera was positioned at groin height and faced directly over the tank, where a male's genitals would be expected to be when standing and urinating. Images produced from this camera could be viewed real-time from the Defendant's bedroom. The camera and recorder were set up to where the Defendant had to start and stop the recorder in his room before and after each segment.

(b) Both the camera and recorder were manufactured outside the United States of America and had been transported in interstate and foreign commerce before October 30, 2012. The camera and recording equipment was positioned and maintained in such a way as to capture "sexually explicit conduct."

(c) On or about November 5, 2012, the Defendant knowingly possessed over 600 images of minors engaged in sexually explicit conduct. The images were in digital media of various forms (computer hard drives, compact discs, etc.), involved pre-pubescent children and, in some instances, sadistic and/or masochistic conduct. The Defendant maintained the media at his residence in Pulaski County and knew that the images contained minors engaged in sexually explicit conduct. The images had been transmitted in interstate and foreign commerce through the use of a computer.

## Legal Background

To prove that a defendant produced child pornography, the Government must establish that he "employ[ed] or use[d] . . . any minor to engage in . . . any sexually explicit conduct for the purpose of producing a visual depiction of such conduct . . . ." 18 U.S.C. § 2251(a). The phrase "sexually explicit conduct" includes "the lascivious exhibition of the genitals or pubic area." 18 U.S.C. § 2256(2)(A)(v).

The 6th Circuit uses the *Dost* factors, a six-part, non-exclusive test for determining whether material depicts the "lascivious exhibition of the genitals." *See United States v. Brown*, 579 F.3d 672, 680 (6th Cir. 2009). The *Dost* factors are:

      1.      Whether the focal point of the visual depiction is on the child's genitalia or pubic area;

      2.      Whether the setting of the visual depiction is sexually suggestive;

      3.      Whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

      4.      Whether the child is fully or partially clothed, or nude;

      5.      Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

      6.      Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986).

In explaining the application of the test, the *Dost* court noted "a visual depiction need not involve all of these factors to be a 'lascivious exhibition of the genitals or pubic area.'" *Dost*, 636 F. Supp. at 832. At least two factors, however, have been found to be necessary to support of finding of lasciviousness. *Doe v. Chamberlain*, 299 F.3d 192 (3rd Cir. 2002) (images of girls showering not lascivious where only one *Dost* factor was present).

The surreptitious recording of a minor's genitals or pubic area can constitute a "lascivious exhibition." *See, e.g.*, *United States v. Helton*, 302 Fed. Appx. 842, 844-49 (10th Cir. 2008); *United States v. Allison*, 447 F.3d 402, 403-07 (5th Cir. 2006); *United States v. Horn*, 187 F.3d 781, 789-90 (8th Cir. 1999); *United States v. Poulin*, 592 F. Supp. 2d 132, 135-36 (D. Maine 2008); *United States v. Johnson*, 639 F.3d 433 (8th Cir. 2011).

## **Application of *Dost* Factors**

### 1. Whether the focal point of the visual depiction is on the child's genitalia or pubic area

The focal point of both video segments is directly on the genitals of the child victim. The camera was positioned in such a way that the inevitable result would be to record the genitals of a male as the person stood to urinate. The recordings either captured the crotch area of the victim or the bare genitals of the victim. Most of the recordings capture the bare genitals of the minor. This factor supports lasciviousness to a much greater degree than multiple other cases. *Cf. Knox*, 32 F.3d at 746 (non-nude, close-up pictures of minors' genital or pubic areas supported finding of lasciviousness); *Horn*, 187 F.3d at 789-90 (freeze frame shots of children's genitals and pubic area as they did cartwheels and played on jungle gym satisfied first *Dost* factor); *Helton*, 302 Fed. Appx. at 842 (video recording focused on child's pubic area, <u>even though covered by underwear</u>, was lascivious) (emphasis added).

### 2. Whether the setting of the visual depiction is sexually suggestive

Although not sexually suggestive standing alone, the bathroom is perhaps the most common room in which a person's genitals and pubic area are exposed. In this sense, the bathroom is an excellent place to secretly videotape someone in the nude. *Cf. Helton*, 302 Fed. Appx. 842 (hidden video recording of child using toilet and then standing up, with focus on her clothed pubic area, was lascivious). The bathroom was likely the only room that provided the Defendant a limited opportunity to surreptitiously record close up shots of the minor victim's genitals and pubic area.

4

### 3. Whether the child is depicted in an unnatural pose or in inappropriate attire considering the age of the child

The camera was positioned precisely to capture the nude crotch area of the minor as he urinated. While relieving oneself is not necessarily an "unnatural pose," the surreptitious close up recording of a nude minor has been viewed in favor of lasciviousness. *See United States v. Clark*, 2010 WL 3488138 (D. Del. Aug. 30, 2010). Further, it would also be highly unnatural for one to "pose" in the traditional sense of taking a photograph while in the process of urinating. Thus, the child's unwitting exposure of his genitals and pubic area in this context weighs heavily in favor of lasciviousness.

### 4. Whether the child is fully or partially clothed, or nude

Both video segments record the minor victim's genitals fully nude for the vast majority of each recording, making this factor strongly favor a finding of lasciviousness. The remaining portion of the recordings captured the minor in the process of removing his genitals from his pants or placing his genitals back into pants, which further supports lasciviousness.

### 5. Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity

This factor simply does not apply in a hidden camera case, because the child does not know that he is being filmed. *See Clark*, 2010 WL 3488138 at *6.

### 6. Whether the visual depiction is intended or designed to elicit a sexual response in the viewer

5

The final *Dost* factor has particular importance in a hidden camera case, where the child does not know that he is being filmed. As the Third Circuit has explained, "'applied to the conduct of children, lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or likeminded pedophiles.'" *Knox*, 32 F.3d at 747 (quoting *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987)); *see also United States v. Banks*, 2009 WL 455491, at *10 (9th Cir. 2009) ("This focus results in a definition of lasciviousness that criminalizes images 'so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur.'"); *United States v. Arvin*, 900 F.2d 1385, 1391 (9th Cir. 1990) ("[w]here children are photographed, the sexuality of the depictions often is imposed upon them by the attitude of the viewer or photographer. The motive of the photographer in taking the pictures therefore may be a factor which informs the meaning of 'lascivious.'"); *United States v. Wolf*, 890 F.2d 241, 245 (10th Cir. 1989) ("to violate 18 U.S.C. § 2251 the photographer need not portray the victimized child as a temptress").

The 6th Circuit adopted a "limited context" approach to analyzing this factor. *See Brown,* 579 F.3d at 683. Evidence that does not relate directly to the taking of the images is not to be considered. *Id.* at 684. Limiting the analysis solely to the evidence surrounding the production of the videos, the facts still reveal that the Defendant designed the production in order to elicit a sexual response. First, the Defendant himself positioned the hidden camera to focus directly on the genitals of the minor. The Defendant then started the recording before the minor entered the restroom and then

6

stopped the recording once the minor finished. While the exhibition was in progress, the camera was designed to feed a live signal into the Defendant's bedroom (the place best situated for a private and discreet viewing experience), where it would be displayed on a monitor. The Defendant, therefore, received the benefit of a live viewing of the minor victim's genitals while also preserving the depiction for future viewing. There were also two recordings of the same victim that captured similar conduct. *See Id*. (recognizing multiple images of the same victim in the same time frame as illuminating the context of the production). Finally, the Defendant admitted through his plea agreement that the camera and recording equipment was designed to capture "sexually explicit conduct." *See Id.*(reflecting that a defendant's plea agreement acknowledgements are important when ascertaining intent).

## CONCLUSION

Application of the *Dost* factors to the case facts establishes that lascivious exhibition of the genitals occurred. Sufficient evidence is contained within the factual basis of the plea agreement to sustain a conviction for production of child pornography.

        Respectfully submitted,

        KERRY B. HARVEY
        UNITED STATES ATTORNEY

By:   s/ Jason D .Parman
        Assistant United States Attorney
        601 Meyers Baker Rd.  Suite 200
        London, KY 40741
        (606) 330-4831
        jason.parman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2013, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to all counsel of record.

s/ Jason D. Parman
Assistant United States Attorney
