EASTERN DISTRICT of KENTUCKY
TENDERED
DATE 2-26-13
ROBERT R. CARR
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
F I L E D
SEP 06 2013
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 6:12-CR-67-DCR

UNITED STATES OF AMERICA                                                 PLAINTIFF

V.                        **PLEA AGREEMENT**

ERIC LANCE WHITSON                                                       DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2251(a), production of child pornography. The Defendant will enter a guilty plea to Count 4, charging a violation of 18 U.S.C. § 2252(a)(4)(B), possession of child pornography. The Defendant will also enter a guilty plea to the forfeiture allegation contained within the Indictment. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 and 3 of the Indictment.

2. The essential elements of Count 1 are:

   (a) that the Defendant knowingly employed or used the victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

   (b) that the victim was under 18 years of age at the time; and

1

(c) that the depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

The essential elements of Count 4 are:

(a) that the Defendant knowingly possessed matters, that is digital media, which the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

(b) that the defendant knew those visual depictions contained in the digital media were of minors engaged in sexually explicit conduct;

(c) that the defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and

(d) that the visual depictions had been transported in interstate or foreign commerce.

3. As to Counts 1 and 4, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about October 30, 2012, the Defendant videotaped in two segments a minor male victim as the victim urinated at the Defendant's residence in Pulaski County, within the Eastern District of Kentucky. The first and second segments are 45 and 47seconds long, respectively, and both focus directly on the genitals of the victim. The minor was unaware the video was being made. The camera that was used to make the images was concealed in a black box that sat atop the tank portion of the toilet. The box was setup with holes in the front and the sides and was constructed in a manner that items, such as spare toilet paper, could be stored in the open portions of the box. The center portion had a top nailed on and a door that opened to the back. The camera was positioned at groin height and faced directly over the tank, where a male's genitals would be expected to be when standing and urinating. Images produced from this camera could be viewed real-time from the Defendant's bedroom. The camera and recorder were set up to where the Defendant had to start and stop the recorder in his room before and after each segment.

2

    (b) Both the camera and recorder were manufactured outside the United States of America and had been transported in interstate and foreign commerce before October 30, 2012. The camera and recording equipment was positioned and maintained in such a way as to capture "sexually explicit conduct."

    (c) On or about November 5, 2012, the Defendant knowingly possessed over 600 images of minors engaged in sexually explicit conduct. The images were in digital media of various forms (computer hard drives, compact discs, etc.), involved pre-pubescent children and, in some instances, sadistic and/or masochistic conduct. The Defendant maintained the media at his residence in Pulaski County and knew that the images contained minors engaged in sexually explicit conduct. The images had been transmitted in interstate and foreign commerce through the use of a computer.

4. The statutory punishment for Count 1 is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and not more than life. The statutory punishment for Count 4 is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and not more than life. A mandatory special assessment of $100 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 2012, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. §2G2.2(a)(1), the base offense level is 18.

    (c) Pursuant to U.S.S.G. §2G2.2(b)(2), two levels are added because the material involved prepubescent minors.

(d) Pursuant to U.S.S.G. §2G2.2(b)(4), four levels are added because the material involved sadistic or masochistic conduct.

(e) Pursuant to U.S.S.G. §2G2.2(b)(5), five levels are added based on a pattern of sexual exploitation of a minor.

(f) Pursuant to U.S.S.G. §2G2.2(b)(6), two levels are added because the offense involved the use of a computer to possess materials related to the offense.

(g) Pursuant to U.S.S.G. §2G2.2(b)(7), five levels are added because the offense involved more than 600 images.

(h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(i) Pursuant to U.S.S.G. §5G1.1(b), the mandatory minimum sentence required by statute for Count 1 is greater than the maximum of the applicable guideline range. Therefore, 180 months is the guideline range.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The United States agrees to recommend a sentence of 180 months.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of

4

the term of imprisonment exceeds 180 months. The Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture.

10. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office and will make a full and complete financial disclosure. The Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: 2/26/13          By: _____ For
                           Jason D. Parman
                           Assistant United States Attorney

Date: 2-18-13          _____
                       Eric Lance Whitson
                       Defendant

Date: 2/18/13          _____
                       Jerry J. Cox
                       Attorney for Defendant

**APPROVED**, this 6th day of September, 2013

_____
UNITED STATES DISTRICT JUDGE