AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 1

**Eastern District of Kentucky**
**FILED**

# UNITED STATES DISTRICT COURT

Eastern District of Kentucky – Southern Division at London

SEP -9 2013

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| | ) | |
| **Eric Lance Whitson** | ) | Case Number:    6:12-CR-67-DCR-01 |
| a/k/a Eric L. Whitson | ) | |
| | ) | USM Number:    15957-032 |
| | ) | |
| | ) | Michael Murphy |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1, 4

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18:2251(a) | Production of Child Pornography | 10/30/2012 | 1 |
| 18:2252(a)(4)(B) | Possession of Child Pornography | 11/05/2012 | 4 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)   2, 3    ☐ is   ☒ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 6, 2013
Date of Imposition of Judgment

_/s/ Signature of Judge_

Honorable Danny C. Reeves, U.S. District Judge
Name and Title of Judge

September 9, 2013
Date

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
              Sheet 2 - Imprisonment

Judgment — Page 2 of 8

DEFENDANT: Eric Lance Whitson, a/k/a Eric L. Whitson
CASE NUMBER: 6:12-CR-67-DCR-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **180 MONTHS AS TO COUNT ONE AND 120 MONTHS AS TO COUNT FOUR, TO RUN CONCURRENTLY, FOR A TOTAL TERM OF 180 MONTHS.**

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant participate in the Bureau of Prisons' sex offender treatment program, as well as any alcohol abuse and educational programs for which he qualifies.
That the defendant be incarcerated at the facility nearest his home, for which he qualifies.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 8

DEFENDANT: Eric Lance Whitson, a/k/a Eric L. Whitson
CASE NUMBER: 6:12-CR-67-DCR-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **15 YEARS ON EACH OF COUNTS ONE AND FOUR, TO RUN CONCURRENTLY. UPON MOTION OF EITHER OF THE PARTIES, THE COURT SHALL HOLD STATUS CONFERNCES AT FIVE YEARS AND TEN YEARS TO DETERMINE WHETHER TO ALTER THE DEFENDANT'S CONDITIONS OF RELEASE.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 4 of 8

DEFENDANT: Eric Lance Whitson, a/k/a Eric L. Whitson
CASE NUMBER: 6:12-CR-67-DCR-01

# SPECIAL CONDITIONS OF SUPERVISION

### Sex Offender Treatment
The defendant shall participate in a program for treatment of mental health/sexual disorders; shall undergo a sex offender risk assessment, psychosexual evaluation and/or other evaluation as needed; shall be subject to periodic polygraph examinations and/or Computer Voice Stress Analysis (CVSA) testing, at the discretion and direction of the probation officer; and, shall follow the rules and regulations of the sex offender treatment program as implemented by the probation office.

### Residence Restriction
The defendant's residence and employment shall be pre-approved by the probation officer and in compliance with state and local law.

### Restricted Contact with Minors
The defendant shall not frequent, volunteer, or work at places where children under the age of 18 congregate (e.g. playgrounds, parks, day-care centers, public swimming pools, youth centers, video arcade facilities) unless approved by the probation officer, and shall have no contact with victims.

The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18 without the permission of the probation officer. This provision does not encompass persons under the age of 18 such as ticket vendors, cashiers, waiters, etc., with whom the defendant must deal in order to obtain ordinary and usual commercial services.

### Restricted Materials
The defendant shall not possess, view, listen to, or go to locations where any form of pornography, sexually stimulating performances, or sexually oriented material, items, or services are available.

The defendant shall not possess or use a device capable of creating pictures or video, without the approval of the probation officer.

### Restricted Access
The defendant shall not rent or use a post office box or storage facility, without the approval of the probation officer.

### Sex Offender Registration
The defendant shall register as a sex offender as prescribed by state law.

### Computer Restrictions
The defendant shall not possess or use a computer or any device with access to any "on-line computer service" at any location (including place of employment) without the prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system, or any other public or private network or e-mail system.

The defendant shall consent to the U.S. Probation Office conducting unannounced examinations of his computer system(s) and internal/external storage devices, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his computer(s), any hardware/software to monitor his computer use or prevent access to particular materials, and to consent to periodic inspection of any such installed hardware/software to insure it is functioning properly.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: Eric Lance Whitson, a/k/a Eric L. Whitson
CASE NUMBER: 6:12-CR-67-DCR-01

The defendant shall provide the U.S. Probation Office with accurate information about his entire computer system (hardware/software) and internal/external storage devices; all passwords used by him; and will abide by all rules of the Computer Restriction and Monitoring Program.

**Search/Seizure**
The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search conducted by the United States Probation Office, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation of supervision. The defendant shall inform any other residents that the premises may be subject to searches pursuant to this condition.

**Financial Disclosure**
The defendant shall provide the probation officer with access to any requested financial information. This special condition for financial disclosure is included as a means to allow the U.S. Probation Office to monitor purchases of electronic and/or peripheral devices, as well as any internet services either subscribed to or accessed by the defendant (e.g., amount paid for internet services exceeds amount approved by the Probation Office, the defendant has purchased more electronic devices than he claims to possess.)

## ACKNOWLEDGMENT

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
         (Defendant)                         Date


_____              _____
U. S. Probation Officer/Designated Witness   Date

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 6 of 8

DEFENDANT: Eric Lance Whitson, a/k/a Eric L. Whitson
CASE NUMBER: 6:12-CR-67-DCR-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200 | $ WAIVED | $ WAIVED |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS** $ _____ $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　☐ the interest requirement is waived for the ☐ fine ☐ restitution.

　☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 7 of 8

DEFENDANT: Eric Lance Whitson, a/k/a Eric L. Whitson
CASE NUMBER: 6:12-CR-67-DCR-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 200.00 due immediately, balance due

   ☐ not later than _____, or
   ☒ in accordance    ☐ C,   ☐ D   ☐ E, or   ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

   Criminal monetary penalties are payable to:
   Clerk, U. S. District Court, Eastern District of Kentucky
   310 S. Main Street, London KY 40741

   **INCLUDE CASE NUMBER WITH ALL CORRESPONDENCE**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
   SEE PAGE 8.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page 8 of 8

DEFENDANT: Eric Whitson
CASE NUMBER: 6:12-CR-67-DCR-01

# ADDITIONAL FORFEITED PROPERTY

COMPUTER AND ASSOCIATED EQUIPMENT:

a. Acer Computer tower/server white, Aspire Model, SN *2601314164;*
b. Buffalo External hard drive and cables, HDHSQ(V2), SN 95576220801112;
c. Cavalry External hard drive, 2TBCAXB3702T3, SN Y AGLHYPS;
d. E-machines Computer tower/server Black/Silver, D3315, SN CCA61B0002396;
e. External subsystem silver, ME-320X;
f. Hitachi 250GB hard drive, HTS542525K9SAOO, SN WDGlZ4VA;
g. HP laptop black and silver in computer bag with cables, HDX9200, SN CNU8070SFN;
h. K Gear external hard drive with black case 2.5" HDD External Box;
i. Maxtor 120GB hard drive, Diamond Max Plus 9, SN Y3290V4E;
j. Raven Computer Tower Computer Server Black in color;
k. Samsung 40GB hard drive, SP4002H, SN 0518J1FT809238;
l. Seagate 500GB hard drive, ST9500420AS, SN 5VJOFAP7;
m. Seagate 60GB hard drive, ST96812AS, SN 5PJ4RYBE;
n. Western Digital External Hard Drive, WD5000G032, SN WCAPW3064886;
o. Wires for the Raven Tower and Dell Monitor;
p. X-I0 wireless video camera from bathroom vanity;
q. X-I0 camera receiver;
r. Wooden Box from bathroom off kitchen that hid the wireless camera;
s. Dell Monitor;
t. IBM Keyboard;
u. Apple IPOD;
v. Samsung Cell Phone Black;
w. Samsung Cell Phone Black SP4-M800;
x. Palm cell phone with extra battery;
y. Motorola cell phone (flip phone);
z. Apple iPhone;
aa. Canon Video Camera with 14 mini DV tapes;
bb. Konica Minolta Digital camera and case;
cc. Sony Digital Camera;
dd. Canon Digital Camera;
ee. Mouse and wiring for Polaroid TV and JVC recorder;
ff. Polaroid TV with remote;
gg. JVC DVD player;
hh. Sony Digital audio recorder, Express Card/34;
ii. Various forms of loose digital media;
jj. Various forms of storage media, including digital and analog systems; and
kk. All software and peripherals which are contained on or associated with the listed computers.