ORIGINAL

# United States District Court
## Eastern District of Kentucky
## At London

---

Crim. No. 6:12-cr-67-DCR-1
Civil No.

---

UNITED STATES OF AMERICA,

*Plaintiff-Respondent,*

vs.

ERIC LANCE WHITSON,

*Defendant-Movant.*

Eastern District of Kentucky
**F I L E D**

APR 2 4 2014

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

---

THE HONORABLE DANNY C. REEVES
UNITED STATES DISTRICT JUDGE

---

**COURT FORM AO-243**
**MOTION TO VACATE SENTENCE**
**PURSUANT TO 28 U.S.C. § 2255**

---

ERIC LANCE WHITSON
15957-032
P.O. Box 1000
White Deer, PA 17887

## TABLE OF CONTENTS

Table of Contents.................................................................................................. ii

**Court AO-243 Model Form** .................................................................................. 1

Statement of Claim .............................................................................................. 7

Claim Number One............................................................................................... 9

Claim Number Two ........................................................................................... 10

Allegation of Jurisdiction.................................................................................. 11

Statement as to Waiver, Cause, and Prejudice ........................................... 12

Judgment Requested ......................................................................................... 12

Motion for Discovery.......................................................................................... 13

Proffer .................................................................................................................. 14

Motion for Appointment of Counsel................................................................. 14

Verification of Motion ....................................................................................... 15

Certificate of Filing............................................................................................ 18

### APPENDIX OF FORMS
### MODEL FORM FOR MOTIONS UNDER
### 28 U.S.C. § 2255

**United States District Court** Eastern District of Kentucky, At London.

**Name**:  Eric Lance Whitson

**Prisoner Number**:  15957-032.

**Place of Confinement**: P.O. Box 1000, White Deer, PA 17887.

## United States of America,
### v.
## Eric Lance Whitson,
## Movant.

### MOTION TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN
### FEDERAL CUSTODY

## <u>MOTION</u>

1.  **(a) Name and location of court which entered the judgment of conviction under attack**: United States District Court, Eastern District of Kentucky, At London.
    **(b) Criminal docket or case number (if you know):** Crim. No. 6:12-cr-67-DCR-1
    Civil No.

2.  **(a) Date of the judgment of conviction (if you know):** 9-9-13
    **(b) Date of sentencing:**  9-6-13.

3.  **Length of sentence:** 180 months incarceration.

4.  **Nature of offense involved (all counts)**:  18 U.S.C. § 2251(a) (Production of Child Pornography on or about 10-30-12) (Count 1); 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography on or about 11-5-12) (Count 4).

5.  **What was your plea? (Check one)**
    **(a) Not guilty** ........................[]
    **(b) Guilty** ..............................[x]
    **(c) Nolo contendere** ..............[]

1

**If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?** N/A

6. **If you went to trial, what kind of trial did you have? (Check one)** N/A
   **(a) Jury**.................................[]
   **(b) Judge only** .....................[]

7. **Did you testify at a pretrial hearing, trial, or post-trial hearing?**
   **Yes [] No []**

8. **Did you appeal from the judgment of conviction?**
   **Yes [] No [x]**

9. **If you did appeal, answer the following:** N/A
   **(a) Name of court:**
   **(b) Docket or case number (if you know):**
   **(c) Result:**
   **(d) Date of result (if you know):**
   **(e) Citation to the case (if you know):**
   **(f) Grounds raised:**
   **(g) Did you file a petition for certiorari in the United States Supreme Court?**
   **Yes [] No [x]**
       **If "Yes," answer the following:**
       **(1) Docket or case number (if you know):**
       **(2) Result:**
       **(3) Date of result (if you know):** N/A
       **(4) Citation to the case (if you know):**
       **(5) Grounds raised:**

10. **Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?**
    **Yes [] No [x]**

11. **If your answer to 10 was "yes," give the following information:** N/A
    **(a)**     **(1) Name of court:**
        **(2) Docket or case number (if you know):**
        **(3) Date of filing (if you know):**
        **(4) Nature of the proceeding:**
        **(5) Grounds raised:**
        **(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes [] No []**
        **(7) Result:**
        **(8) Date of result (if you know):**

2

**(b) If you filed any second motion, petition, or application, give the same information: N/A**
  **(1)  Name of court**:
  **(2) Docket or case number (if you know)**:
  **(3) Date of filing (if you know)**:
  **(4) Nature of the proceeding**:
  **(5) Grounds raised**:
  **(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes [] No []**
  **(7) Result**:
  **(8) Date of result (if you know)**:

**(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application? N/A**
  **(1) First petition:................ Yes [] No []**
  **(2) Second petition:............. Yes [] No []**

**(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: Nothing was filed.**

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:  Ineffective Assistance Of Counsel During The Direct Appeal Process Of His Case When Counsel Failed To File An Appeal**

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The facts supporting this ground are set forth in the "Statement of Claim" and Claim Number One on the attachments to this page. Mr. Whitson incorporates those facts by reference as if set forth in full herein.**

**(b) Direct Appeal of Ground One:**
  **(1) If you appealed from the judgment of conviction, did you raise this issue?**
   **Yes [] No [x]**
  **(2) If you did not raise this issue in your direct appeal, explain why: No appeal was filed.**
**(c) Post-Conviction Proceedings:**
  **(1) Did you raise this issue in any post-conviction motion, petition, or application?**
   **Yes [] No [x]**
  **(2) If your answer to Question (c)(1) is "Yes," state:**
  **Type of motion or petition**:
  **Docket or case number (if you know)**:
  **Date of the court's decision**:
  **Result (attach a copy of the court's opinion or order, if available)**:

3

(3) Did you receive a hearing on your motion, petition, or application?:
　　　Yes [] No []
(4) Did you appeal from the denial of your motion, petition, or application?:
　　　Yes [] No []
(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
　　　Yes [] No []
(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**  Ineffective Assistance Of Counsel Due To Both The Individual And Cumulative Impact Of Multiple Deficiencies Or Errors By Counsel During The Pretrial, Plea, Sentencing And Direct Appeal Process

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** The facts supporting this ground are set forth in the "Statement of Claim" and Claim Number Two on the attachments to this page. Mr. Whitson incorporates those facts by reference as if set forth in full herein.

**(b) Direct Appeal of Ground Two:**
　　　**(1) If you appealed from the judgment of conviction, did you raise this issue?** N/A
　　　　　Yes [] No []
　　　**(2) If you did not raise this issue in your direct appeal, explain why:** No appeal was filed.
**(c) Post-Conviction Proceedings:**
　　　**(1) Did you raise this issue in any post-conviction motion, petition, or application?**
　　　　　Yes [] No [x]
　　　**(2) If your answer to Question (c)(1) is "Yes," state:**
Type of motion or petition:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
　　　**(3) Did you receive a hearing on your motion, petition, or application?:**
　　　　　Yes [] No []
　　　**(4) Did you appeal from the denial of your motion, petition, or application?:**
　　　　　Yes [] No []
　　　**(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**
　　　　　Yes [] No []

4

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND** Three:  Mr. Whitson's Conviction And Sentence Are Violative Of The First, Second, Fourth, Fifth, Sixth, And Eighth Amendments To The Constitution.

**(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):** Mr. Whitson's Conviction And Sentence Are Violative Of His Right To Freedom Of Speech And To Petition, His Right To Be Free Of Unreasonable Search And Seizure, His Right To Due Process Of Law, His Rights To Counsel, To Jury Trial, To Confrontation Of Witnesses, To Present A Defense, And To Compulsory Process, And His Right To Be Free Of Cruel And Unusual Punishment Under The Constitution.

**(b) Direct Appeal of Ground** Three:
    **(1) If you appealed from the judgment of conviction, did you raise this issue?** N/A
        Yes [] No []
    **(2) If you did not raise this issue in your direct appeal, explain why:** No appeal was filed.
**(c) Post-Conviction Proceedings:**
    **(1) Did you raise this issue in any post-conviction motion, petition, or application?**
        Yes [] No [x]
    **(2) If your answer to Question (c)(1) is "Yes," state:**
Type of motion or petition:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):
    **(3) Did you receive a hearing on your motion, petition, or application?:**
        Yes [] No []
    **(4) Did you appeal from the denial of your motion, petition, or application?:**
        Yes [] No []
    **(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?**
        Yes [] No []
    **(6) If your answer to Question (c)(4) is "Yes," state:**
Name and location of the court where the appeal was filed:
Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

5

**(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue**:

## STATEMENT OF CLAIM

1.)     Pursuant to Title 28, United States Code, Federal Rules of Civil Procedure 8-11, and Rule 2 of the Rules Governing Section 2255 Proceedings, Defendant-Movant Eric Lance Whitson, 15957-032, states the following claims for relief under 28 U.S.C. § 2255.

2.)     These claims for relief incorporate the attached Section 2255 Model Court Form, as well as the information contained therein as if set forth in full herein.

3.)     On or about 12-20-12 Eric Lance Whitson was charged with violation of 18 U.S.C. § 2251(a) (Production of Child Pornography on or about 10-30-12) (Count 1); 18 U.S.C. § 2252(a)(2) (Receipt of Child Pornography on or about 10-7-06) (Count 2); 18 U.S.C. § 2252(a)(2) (Receipt of Child Pornography on or about 4-8-07) (Count 3); 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography on or about 11-5-12) (Count 4). (Appendix, Exhibits A) (Appendix, Exhibits B) (Appendix, Exhibits C)[1]

4.)     These charges arose from allegations that he had surreptitiously effected unlawful photographs of 16 year old individual and possessed the photographs and other similar photographs in a computer and storage media.

5.)     He was arraigned on or about 12-26-12 at which time he pleaded not guilty to the charged violations. (Appendix, Exhibits A) (Appendix, Exhibits B) (Appendix, Exhibits C)

6.)     No motion to suppress was filed or litigated.

7.)     On or about 2-26-13, Mr. Whitson pleaded guilty to violations of 18 U.S.C. § 2251(a) (Production of Child Pornography on or about 10-30-12) (Count 1); 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography on or about 11-5-12) (Count 4). (Appendix, Exhibits C)

7

8.)     While the plea agreement had an ostensible 'waiver' of appeal clause, this clause was only briefly referenced in a conclusive manner by the District Court during the plea colloquy. (Transcript of Sentencing 2-26-13, page 11)

9.)     When the Presentence Report was prepared, the Probation Officer recommended finding a Total Offense Level 33 and a Criminal History "I" with a guideline sentencing range of 135-168 months but a statutory mandatory minimum of 15 years or 180 months based on conviction under Count 1. (Appendix, Exhibits A) (Presentence Report ¶¶33, 38, 91-91)

10.)    On 9-6-13, Mr. Whitson appeared for sentencing. At sentencing, there were no objections to the Presentence Report recommendations so the District Court adopted the report including the 180 months statutory mandatory minimum. (Transcript of Sentencing page 3)

11.)    On 9-6-13, Mr. Whitson was sentenced to 180 months incarceration plus 15 years supervised release for violations of 18 U.S.C. § 2251(a) (Production of Child Pornography on or about 10-30-12) (Count 1); 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography on or about 11-5-12) (Count 4). This sentence represented 180 months as to Count 1 with 120 months concurrent on Count 4. (Appendix, Exhibits A) (Appendix, Exhibits B) (Appendix, Exhibits C) (See Transcript of Sentencing pages 25-26)

12.)    Subsequent to imposing sentence, the District Court stated that Mr. Whitson did not have the right to appeal but then modified the plea agreement and waiver provision by stating that he had the right to appeal if his "sentence were to exceed 180 **_days_**" (emphasis added). Since Mr. Whitson's sentence of 180 months did certainly exceed 180 **_days_**, the judicial modification to his plea agreement **_did_** allow an appeal.

---

[1] This refers to the Appendix of Exhibits attached to the memorandum in support of this motion which is filed simultaneously with this motion.

8

13.)     In spite of the fact that Mr. Whitson's sentence of 180 months did certainly exceed "180 days" limitation of the judicially modified waiver clause of Mr. Whitson's plea agreement and therefore did allow an appeal, counsel did not file or prosecute a direct appeal. No appeal was filed or prosecuted in this case.

14.)     The time for filing a notice of appeal under F.R.A.P. 4 expired on or about 9-20-13.

15.)     Since no appeal was filed, no Petition for Writ of Certiorari was filed with the Supreme Court either.

16.)     Mr. Whitson provided counsel with complete and accurate information and did not place any restrictions on counsel.

17.)     Mr. Whitson relied completely and in all material respects on the advice of counsel.

## CLAIM NUMBER ONE

18.)     Mr. Whitson restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-17 herein.

19.)     Subsequent to sentencing, counsel did not fully consult with Mr. Whitson about an appeal.

20.)     Subsequent to sentencing, there was reason to think that a rational defendant, and, in particular Mr. Whitson, would want to appeal.

21.)     Counsel did not file or prosecute a direct appeal. No appeal was filed or prosecuted in this case.

22.)     The time for filing a notice of appeal under F.R.A.P. 4 expired on or about 10-3-13.

23.)     Mr. Whitson was denied effective assistance of counsel in the direct appeal process of his case when counsel failed to file a direct appeal.

24.)     Prejudice is presumed from the denial of effective assistance of counsel in the direct appeal process of his case.

## CLAIM NUMBER TWO

25.)     Mr. Whitson restates, repleads, and realleges the facts, pleadings, and allegations set forth in ¶¶1-24 herein.

26.)     Counsel unprofessionally failed to timely, properly, and effectively move for dismissal of the indictment on the grounds that it was not presented or returned by the grand jury in open court. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different; the indictment would have been dismissed on the grounds that it was not presented or returned by the grand jury in open court.

27.)     Counsel unprofessionally failed to advise Mr. Whitson as to all facts and law relevant to his decision to plead guilty. Had Mr. Whitson been fully advised, and had counsel competently pursued a favorable plea agreement, there is a reasonable probability that he would have pleaded not guilty and proceeded to trial or he would have pleaded guilty with a more favorable plea agreement. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

28.)     Counsel unprofessionally failed to timely, properly, and effectively move for suppression of evidence material to the conviction and/or sentence of Mr. Whitson and counsel could have but did not timely move for dismissal of the indictment. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

10

29.)     Counsel unprofessionally failed to investigate or present available evidence and legal authority material to the sentencing of Mr. Whitson. Counsel also unprofessionally failed to object to, unlawful, false and unreliable evidence used to determine Mr. Whitson's guideline sentencing range and ultimate sentence. But for counsel's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different.

29A.)   Counsel unprofessionally failed to consult with Mr. Whitson as to whether he wanted to file a direct appeal to test the 'waiver' clause of his plea agreement. Counsel subsequently failed to file a direct appeal and prejudice is presumed.

30.)     Mr. Whitson's counsel labored under an actual conflict of interest which adversely affected their performance during the pretrial, plea, sentencing and direct appeal process in this case. Counsel owed a 'duty' other than to Mr. Whitson. This duty was in conflict with the duty owed to Mr. Whitson. Counsel chose between the duties. This choice adversely affected the performance of counsel during the pretrial, plea, sentencing and direct appeal process.

31.)     Mr. Whitson's conviction and/or sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the pretrial, plea, sentencing and direct appeal process due to both the individual errors and the multiplicity of errors by counsel as set forth herein.

## ALLEGATION OF JURISDICTION

32.)     This Court has jurisdiction to entertain, rule on the merits, and grant relief in Claims Number 1-2 under 28 U.S.C. § 2255 and the principles of *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), as construed in case law such as *United States v. Glover*, 531 U.S. 198; 121 S. Ct. 696; 148 L. Ed. 2d 604; 2001 U.S. LEXIS 639 (2001) and

11

*Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00).

33.) This Court has jurisdiction to entertain, rule on the merits, and grant relief in Claim Number One under 28 U.S.C. § 2255 and the principles of *Strickland v. Washington*, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), as construed in case law such as *Williams v. Taylor*, 120 S. Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837, **53-64; 146 L. Ed. 2d 389 (4-18-00) and *United States v. Peak*, 992 F.2d 39, 41-42 (4th Cir. 1993) and *United States v. Martin*, 81 F.3d 1083, 1084 (11th Cir. 1996) and *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir. 1993).

## STATEMENT AS TO WAIVER, CAUSE, AND PREJUDICE

34.) Mr. Whitson is is not precluded from raising his claims of ineffective assistance of counsel for the first time in this motion pursuant to 28 U.S.C. § 2255. *Massaro v. United States*, 123 S. Ct. 1690; 155 L. Ed. 2d 714; 2003 U.S. LEXIS 3243 (4-23-03) ("an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under Section 2255, whether or not the petitioner could have raised the claim on direct appeal").

## JUDGMENT REQUESTED

35.) Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings, Mr. Whitson asks this Honorable Court to **ORDER** an evidentiary hearing where he can prove the allegations herein by: (A) his own testimony; (B) the testimony of Attorneys Jerry J. Cox, R. Kent Westberry and Robert Michael Murphy; (C) the testimony of AUSA Jason Parman; (D) additional evidence; and (E) legal argument to be presented at the hearing.

36.) Upon proof of Mr. Whitson's allegations herein, Mr. Whitson asks this Honorable Court to:

12

**36A.) ORDER** that Mr. Whitson's conviction be **VACATED** and his indictment be **DISMISSED**; or,

**36B.) ORDER** that his judgment be **VACATED** and **REINSTATED** so that he can take a direct appeal.

## MOTION FOR DISCOVERY

37.)    Pursuant to Rule $6^2$ of the Rules Governing Section 2255 Proceedings, Mr. Whitson asks leave of this Court to invoke the processes of discovery. More specifically, he asks this Honorable Court to **ORDER** that the witnesses set forth in ¶35 allow themselves to be deposed. The evidence developed through the foregoing depositions will materially support the allegations of Mr. Whitson, as to the "performance" of counsel, detailed and set forth herein.[3]

---

[2] It should be noted that Rule 6(a) of the Rules Governing Section 2255 Proceedings provides for discovery under either Federal Rules of Civil Procedure 26-37 or under Federal Rule of Criminal Procedure 16. See J. Liebman and R. Hertz, *Federal Habeas Corpus Practice and Procedure*, § 41.6 [n. 2-3] (3rd Ed. 1998). In this respect, the Rules Governing Section 2255 Proceedings are distinct from the Rules Governing Section 2254 Proceedings because they allow additional discovery devices. *Id.*

[3] The Supreme Court's most recent review of "discovery" in habeas corpus proceedings was in *Bracy v. Gramley*, 520 U.S. 899, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997). In *Bracy v. Gramley*, the Supreme Court vacated a District Court and Court of Appeals denial of discovery in habeas corpus, 28 U.S.C. § 2254. The Supreme Court pointed out that Rule 6 of the Rules Governing 2254 Cases, prescribing discovery procedures in federal habeas corpus cases, is meant to be consistent with *Harris v Nelson*, 394 US 286, 22 L Ed 2d 281, 89 S Ct 1082 (1969), in which it was stated that where specific allegations before a federal court show reason to believe that a petitioner for federal habeas corpus relief may, if the facts are fully developed, be able to demonstrate entitlement to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry. *Bracy v. Gramley*, 520 U.S. at 909. See also *United States v. Lara-Garcia*, 2008 U.S. Dist. LEXIS 88443 (SD TX 2008) (citing Rules Governing Section 2255 Proceedings, Rule 7(a)-(b) and granting motion to expand record); *United States v. Grimes*, 573 F. Supp. 1202; 1983 U.S. Dist. LEXIS 17532 (SD OH 1983) (same); *De Vincent v. United States*, 602 F.2d 1006; 1979 U.S. App. LEXIS 12875 (1st Cir. 1979) (denial of claim of unlawful indictment vacated and remanded because defendant's allegations sufficiently described violation and were not conclusively refuted by the record; Court of Appeals pointed out that the District Court "can order the government to supplement its answer ... it can permit discovery ... it can direct that the record be expanded ... It can order a full transcript of the grand jury minutes, if it thinks this might be illuminating").

More specifically, Mr. Whitson requests this Court to allow counsel to question Jerry J. Cox, R. Kent Westberry and Robert Michael Murphy as to the reasons for their failures complained of herein. Mr. Whitson also requests this Court to allow counsel to depose AUSA Parman as to the government's procedures in determining when and under what circumstances to propose plea agreements with criminal defendants.

## PROFFER

38.)    Mr. Whitson proffers to this Honorable Court that the foregoing depositions and/or evidentiary hearing will substantiate his allegations set forth in ¶¶19-20, 23.

## MOTION FOR APPOINTMENT OF COUNSEL

39.)    Pursuant to Rule 6(a) and Rule 6(c) and Rule 8(c) of the Rules Governing Section 2255 Proceedings, Mr. Whitson asks that counsel be appointed for Mr. Whitson.[4]

---

[4] See *United States v. Leopard*, 170 F.3d 1013, 1015 (10th Cir. 1999) ("if an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A."); *Bowman v. United States*, 2012 U.S. Dist. LEXIS 5231 (SD TX 1-17-12) (Court may appoint counsel for discovery); Rule 6(a) of the Rules Governing Section 2255 ("If necessary for effective utilization of discovery procedures, counsel shall be appointed by the judge for a movant who qualifies for appointment of counsel under 18 U.S.C. § 3006A(g)"); *ABA Ethics Committee Formal Opinion*, No. 10-456 (7-14-10) (prior attorney's disclosure of attorney client information in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, unlikely to be justifiable).

## VERIFICATION

40.)   The facts set forth in ¶¶3-7, 9-11, 13-17 herein are based on the personal knowledge of Mr. Whitson and are true and correct. The rest of the allegations are pleaded on information and belief.

41.)   The allegations set forth in "Ground Three" of the Model Form and set forth in ¶¶26, 28-29, 30 herein are alleged on information and belief but are also pleaded to protect the record for Mr. Whitson in the event of a change in law or new facts or circumstances which come to light during the litigation of this motion. To the extent that one claim may contradict another, Mr. Whitson invokes Fed.R.Civ.P. 8(d)(2).[5]

Signed under penalty of perjury
under 28 U.S.C. § 1746 this 20 day
of _April_, 2014.


**Eric Lance Whitson**
Defendant-Movant
15957-032
P.O. Box 1000
White Deer, PA 17887

---

[5] See Fed.R.Civ.P. 8(d)(2):
"Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

15

## MODEL FORM FOR MOTIONS UNDER
### 28 U.S.C. § 2255
### (Continued)

13. **Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them**: See "Statement as to Waiver, Cause, and Prejudice", supra.

14. **Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes [] No []**

    **If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:**

15. **Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:**

    **(a) At preliminary hearing**: R. Kent Westberry, 220 W. Main Street, Suite 1900, Louisville, KY 40202.

    **(b) At arraignment and plea:** Jerry J. Cox, 115 Richmond Street, P.O. Box 1350, Mt. Vernon, KY 40456.

    **(c) At trial:** N/A.

    **(d) At sentencing**: Robert Michael Murphy, 709 Millpond Rd., Lexington, KY 40514.

    **(e) On appeal**: N/A.

    **(f) In any post-conviction proceeding**: N/A.

    **(g) On appeal from any adverse ruling in a post-conviction proceeding**: N/A.

16. **Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes [x] No []**

17. **Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [] No [x]**

    **(a) If so, give name and location of court which imposed sentence to be served in the future**: N/A

    **(b) Give the date the other sentence was imposed**: N/A

    **(c) Give the length of the other sentence**: N/A

16

**(d)** Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [] No [] <u>N/A</u>

18.     **TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion**: <u>Mr. Whitson's judgment of conviction became final on 10-3-13  when the time expired for filing an appeal of his conviction and sentence. This motion is filed within one year of that date.</u>

**Therefore, movant asks that the Court grant the following relief:** <u>Mr. Whitson asks the Court to VACATE his conviction and DISMISS the indictment or to VACATE and REINSTATE his judgment to allow a direct appeal.</u>

**or any other relief to which movant may be entitled.**

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the facts set forth in¶¶1-11, 13-17 of the Model Form are true and correct. The remaining allegations are pleaded on information and belief. The allegations set forth in "Ground Three" of the Model Form and set forth in ¶¶26, 28-29, 30  of the Statement of Claim herein are alleged on information and belief but are also pleaded to protect the record for Mr. Whitson in the event of a change in law or new facts or circumstances which come to light during the litigation of this motion. To the extent that one claim may contradict another, Mr. Whitson invokes Fed.R.Civ.P. 8(d)(2). I also declare under penalty of perjury that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on    _4 - 22 - 2014_    (month, date, year).

Executed (signed) on   _4 - 20 - 2014_ (date)

_____
(Signature of Movant)
**Eric Lance Whitson**
**15957-032**
**P.O. Box 1000**
**White Deer, PA 17887**

# United States District Court
## Eastern District of Kentucky
## At London

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 6:12-cr-67-DCR-1 |
| | ) | Civil No. |
| Plaintiff-Respondent, | ) | HON. DANNY C. REEVES |
| | ) | MAG. |
| vs. | ) | |
| | ) | CERTIFICATE OF FILING |
| ERIC LANCE WHITSON, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Pursuant to the principles of *Houston v. Lack*, 487 U.S. 266, 276 (1988), the attached
motion pursuant to 28 U.S.C. § 2255 was filed with the Court on this date by depositing three
copies of same into the prison mail collection box, in sealed envelopes, first class postage affixed
and addressed to: **Clerk -- U.S. District Court, 310 South Main St, 1st Floor, London, KY
40741.**

I have read the foregoing and state that the facts are set forth upon personal knowledge
and are true and correct.

Signed under penalty of perjury under
28 U.S.C. § 1746, this ___2O___ day
of __April__ 2014.

*Eric Lance Whitson*

**Eric Lance Whitson**
15957-032
P.O. Box 1000
White Deer, PA 17887

18