UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 12-67-DCR-1
RELATED CIVIL ACTION NO. 14-CV-07346-DCR

UNITED STATES OF AMERICA,                                                                                  PLAINTIFF,

V.                                      MAGISTRATE JUDGE'S
                                        REPORT AND RECOMMENDATION

ERIC LANCE WHITSON,                                                                                         DEFENDANT.

      Eric Lance Whitson pled guilty in the United States District Court to Count One of an indictment charging Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and Count Four, charging Possession of Child Pornography, in violation of 18 U.S.C. 2252(a)(4)(B). He received a sentence of 180 months on Count One and 120 months on Count Four, to run concurrently, for a total term of imprisonment of 180 months. [R. 46]. As part of his plea agreement, he waived the right to appeal his guilty plea and conviction, but reserved the right to appeal the sentence if the term of imprisonment exceeded 180 months. Finally, he waived the right to collaterally attack his guilty plea, conviction, and sentence. [R. 43]. He did not appeal the matter, but now brings the instant § 2255 motion seeking to vacate his guilty plea, conviction and sentence, due to his counsel's ineffectiveness.

      To prevail on a § 2255 motion alleging constitutional error, the petitioner must show that the error had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); Wright v. United States, 182 F.3d 458, 463 (6th Cir. 1999); Watson v. United States, 165 F.3d 486, (6th Cir. 1999). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must show a fundamental defect in the proceedings which resulted in a complete miscarriage of justice or an egregious error which

violated due process. Riggs v. United States, 209 F.3d 828, 831 (6th Cir. 2000); Wright, 182 F.3d at 463; Watson, 165 F.3d at 488. In other words, Whitson must allege that: 1) his conviction resulted from an error of constitutional magnitude; 2) his sentence was imposed outside the statutory limits; or 3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006); Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003); Moss v. United States, 323 F.3d 445, 454 (6th Cir. 2003). He must sustain his allegations by a preponderance of the evidence. Pough, 442 F.3d at 964.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, a motion to vacate may be summarily denied if it plainly appears from the face of the motion and any annexed exhibits that the movant is not entitled to relief. Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). In this case, Whitson makes the following claims: (1) "ineffective assistance of counsel due to both the individual and cumulative impact of multiple deficiencies or errors by counsel during the pretrial, plea, sentencing and direct appeal process;" (2) "Mr. Whitson's conviction and sentence are violative of the first, second, fourth, fifth, sixth, and eighth amendments to the constitution;" (3) "Mr. Whitson's conviction and sentence are violative of his right to freedom of speech and to petition, his right to be free of unreasonable search and seizure, his right to due process of law, his rights to counsel, to jury trial, to confrontation of witnesses, to present a defense, and to compulsory process, and his right to be free of cruel and unusual punishment under the constitution". He also alleges that his counsel was ineffective for: (4) failing to move for dismissal of the indictment on the grounds that it was not presented or returned in open court; (5) failing to fully

2

advise him of the law relevant to his decision to plead guilty; (6) failing to move for suppression of evidence; (7) failing to investigate or present available evidence and object to false and unreliable evidence; (8) laboring under a conflict of interest, and, finally, (9) cumulative error. However, as Whitson does not support these arguments with anything more than conclusory statements, he fails to sustain them by a preponderance of the evidence, see Pough, 442 F.3d at 964, and they provide him with no relief.

However, he brings two claims that will be addressed more fully below: (1) that the Court judicially modified his plea agreement thereby allowing an appeal of any sentence that exceeded 180 days, and (2) that counsel failed to consult with him regarding a possible appeal of his sentence. Following full consideration of all of his claims, and for the reasons discussed below, the undersigned will recommend that his motion be denied.

## I.  MODIFICATION OF HIS PLEA AGREEMENT

As part of his plea agreement, Whitson waived the right to appeal his guilty plea and conviction, but reserved the right to appeal the sentence if the term of imprisonment exceeded 180 months. Whitson argues that the Court judicially modified his plea agreement to allow an appeal of any sentence that exceeded 180 days (rather than months). The Court will proceed with further analysis as Whitson relies on the record in support of this claim, which reveals that at the time of his sentencing, the District Judge addressed the appeal waiver, and stated:

> In looking at the plea agreement itself under paragraph 8, the defendant has waived the right to appeal the guilty plea, conviction, and he's also waived the right to appeal the sentence, unless, of course, the sentence were to exceed *180 days*, in which case, he reserved his right to appeal. The Court has not imposed a sentence in excess of the mandatory minimum in the case, and, therefore, his right to appeal has been waived. I'm not going to ask the clerk to advise him of that right based upon the provision, but I will note for the parties' reference that, of course, in any event either party believes that the waiver provision would not

apply, any notice of appeal must be filed within 14 days to be timely filed.

[R. 49, p. 32].  Thus, Whitson is correct in his factual statement that at the time of sentencing, the Court announced that he waived his right to appeal any sentence to the extent that it did not exceed 180 *days*.  However, the remaining question is whether the statement constitutes a judicial modification of his waiver of the right to appeal any sentence that did not exceed 180 months.  For the reasons that follow, the Court finds that this one misstatement is not sufficient to judicially modify his plea agreement wavier.

As pointed out by the United States, during his re-arraignment, Whitson was questioned at length about his understanding of the appeal waiver by the District Judge, and the following exchange occurred:

> THE COURT: All right. Now, there is some waiver language that is contained in your plea agreement. It's not unusual to have this in a plea agreement, but anytime it's present, I do need to review it with you. And in your plea agreement, the waiver language is contained in paragraph 8, and that paragraph states that you're waiving the right to appeal your guilty plea and conviction. Now, that's a complete waiver as to those matters, the guilty plea and conviction. You understand that; correct? That's on page four, I believe.
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Now, you're also waiving the right to appeal any determination made by the Court at the time of sentencing with the sole exception that you are reserving the right to appeal any aspect of your sentence if the length of the sentence exceeds *180 months*. So under those circumstances you would be able to appeal your sentence. And you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: But do you also understand that you're waiving or you're giving up the right to collaterally attack the guilty plea, conviction, and sentence? You understand that?
>
> THE DEFENDANT: Yes.

4

THE COURT: Now, when we talk about giving up the right to collaterally attack something, that means you're giving up the right to file a separate lawsuit to challenge it, sometimes referred to as a habeas motion or a habeas petition. You understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: So the one item that you're reserving, that you're not waiving, would be the right to appeal any aspect of your sentence if it were to exceed 180 months and you would have to file a direct appeal under those circumstances. You understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Do you have any questions whatsoever about the waiver language that's contained in your plea agreement?

THE DEFENDANT: No, Your Honor.

THE COURT: All right. Now, while you may be able to appeal your sentence under the circumstances that we've just discussed, I want to make sure that you understand that you would not be able to withdraw from your plea agreement if your attorney's prediction or your belief about your guidelines were to be incorrect, for example? You understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And if the Court were to consider one or more of those statutory factors we just discussed in imposing the sentence, that wouldn't be a reason to withdraw from your plea agreement. You understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And also if the length of the sentence were to be greater than you expect, while you might be able to appeal, that wouldn't be a reason to withdraw from your plea agreement. And again, you understand that?

THE DEFENDANT: Yes, Your Honor.

[R. 31 at 20-22.]

The issue of whether a clear and valid waiver discussed during the re-arraignment is modified by a single misstatement by the District Judge at sentencing was addressed previously

5

in the case of United States v. Fleming, 239 F.3d 761 (6th Cir. 2001). In Fleming, the defendant sought to appeal his guilty plea, in spite of a plea agreement waiver which would bar an appeal. Id. Similar to the case before us, in Fleming, at the close of the plea hearing, the Court found "Fleming's guilty plea to be knowing and voluntary, and accepted the plea." Id. at 763. However at sentencing, the Judge in Fleming gave the standard post-sentence advice regarding a right to appeal. Fleming alleged that this act evidenced the court's rejection of the appeal waiver in the plea agreement. Id. at 763. In considering the issue, the Sixth Circuit rejected Fleming's argument, on the basis that the Court lacked the authority to make a modification to the plea agreement. Id. at 764. In doing so, the Sixth Circuit stated: "We do not need to determine whether the district court's recitation of the Rule 32 advice here was erroneous, or merely superfluous. It is sufficient to say that any pronouncement from the bench that seeks unilaterally to amend a plea agreement exceeds the court's authority under the Criminal Rules and is without effect." Id. at 765.

As applied to the facts of this case, during his re-arraignment Whitson displayed a clear and thorough understanding of the terms of the waiver contained within the plea agreement he negotiated, through counsel, to resolve the charges against him. Under these circumstances, one misstatement regarding the basic right to appeal is not sufficient, under Fleming, to modify that waiver, and his argument to the contrary is without merit.

## II. CONSULTATION REGARDING APPEAL

In this action, Whitson does not claim that he gave counsel express instructions to file an appeal on his behalf. Rather, he argues that his counsel failed to consult with him regarding any possible appeal, and did not file a notice of appeal on his behalf. He states this claim in a

number of different ways, such as: "subsequent to sentencing, there was reason to think that a rational defendant, and, in particular Mr. Whitson, would want to appeal." [R. 51, p. 9]; "Counsel did not file or prosecute a direct appeal. No appeal was filed or prosecuted in this case." [R. 51, p. 9]; "Mr. Whitson was denied effective assistance of counsel in the direct appeal process of his case when counsel failed to file a direct appeal." [R. 51, p. 10]; and, "Counsel unprofessionally failed to consult with Mr. Whitson as to whether he wanted to file a direct appeal to test the 'waiver' clause of his plea agreement. Counsel subsequently failed to file a direct appeal and prejudice is presumed." [R. 51, p. 11; R. 61, p. 1; 61, Ex. 1].

Contesting this claim, the United States relies on the affidavit of Michael Murphy, Esq., who began representing Whitson prior to sentencing. On the issue of whether he consulted with Whitson regarding the possibility of an appeal, Murphy states that:

> On September 18, 2013, I visited Whitson at the Laurel county Detention Center, London, Kentucky. I was accompanied by Jarrod J. Beck, an attorney employed by my law firm who also had worked on the case. Among other things, we discussed the possibility of filing an appeal. Because Whitson had waived his right to an appeal unless the sentence exceeded 180 months, we advised that in our opinion any appeal would be fruitless. Whitson agreed. Prior to this date, Mr. Beck, Mr. Whitson, and I had discussed the appeal process and the effect of the appellate waiver included in the Plea Agreement. At all times, Whitson agreed with our assessment that no appeal should be filed unless he received a sentence that exceeded 180 months.

[R. 59].

To contradict this assertion that counsel consulted with him on September 18, 2013, Whitson has filed into the record a detailed release report from Laurel County Corrections showing that Whitson was released from the Laurel County Detention Center on September 11, 2013, and transferred to a separate detention facility in Grayson County. [R. 65]. In short, Whitson has produced evidence that would show that he was not at the Laurel County Detention

Center on September 18, 2013, and therefore could not have consulted with counsel at that facility on that date, as counsel represents.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance, id. at 687, and announced a now-familiar test: A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," id. at 688, and (2) that counsel's deficient performance prejudiced the defendant, id., at 694. In Roe v. Flores-Ortega, the Court held that the Strickland test applies to claims, like Whitson's, that counsel was constitutionally ineffective for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)

Thus, as summarized by the Sixth Circuit Court of Appeals in Johnson v. United States, 364 F. App'x 972, 975-76 (6th Cir. 2010),

> In sum, Flores-Ortega sets forth a three-part sequential analysis. First, we must determine whether the defendant gave counsel express instructions regarding an appeal. Second, if we find that the defendant did not provide express instructions, then we must determine whether counsel consulted with the defendant about an appeal. Finally, if there was no consultation, then we must decide whether the failure to consult was objectively unreasonable.

It is objectively unreasonable for counsel not to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Flores-Ortega, 528 U.S. at 480.

Thus, because there is nothing in this case to indicate that Whitson gave counsel express

8

instructions to file an appeal, the Court must determine whether counsel consulted with Whitson. Under the facts of this case, specifically that Whitson was not at the Laurel County Detention Center on the day counsel contends that they met, the Court assumes, without finding, that no consultation occurred. In light of these facts, the Court must examine whether counsel was objectively unreasonable for failing to consult with Whitson regarding any interest in pursuing an appeal. Upon consideration of the facts of this case and in light of guiding law, the Court finds counsel was not constitutionally ineffective for any failure to consult regarding an appeal.

The first inquiry is whether there was in fact a duty to consult, as, in Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court held that there is a "constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Counsel is only deficient in his representation if he fails to consult when a duty to do so existed. In considering the facts of this case, the Court finds no duty to consult and therefore no ineffective assistance of counsel.

Whitson entered a plea of guilty to two counts of an indictment under the terms of a negotiated plea agreement. He secured the agreement of the United States to recommend a sentence of 180 months, the mandatory minimum sentence allowed upon a finding of guilt to the charge of Production of Child Pornography in violation of 18 U.S.C. 2251(a). Moreover, on the finding of guilt to Possession of Child Pornography in violation of in violation of 18 U.S.C. 2252(a)(4)(B), he received a sentence of 120 months, but the Court allowed it to run concurrently with the crime of Production of Child Pornography. In essence, although Whitson

received a sentence of 180 months, it is the lowest sentence allowed under the controlling law, the mandatory minimum prescribed for the offense of conviction under Count One. Finally, he achieved dismissal of other counts against him in the indictment charging Receipt of Child Pornography, under 18 U.S.C. 2252(a)(2). Although Whitson raises various arguments that he believes entitle him to habeas relief, they are completely without any factual support. He submits no facts in support of any of his arguments to lead the Court to believe that he ever desired to seek appellate relief, and no facts to show that the proposed grounds for relief have merit. Further, the fact that he waited nearly a full seven (7) months before filing this habeas petition further supports the finding that he did not reasonably demonstrate to counsel that he was interested in filing an appeal. As a result, the Court finds no reason to believe that a rational defendant would want to appeal or that Whitson reasonably demonstrated to counsel that he was interested in appealing. Flores-Ortega at 480. Therefore, the Court finds that it was not objectively unreasonable for counsel not to consult with him regarding an appeal.

Moreover, even if the Court found that counsel was deficient for failing to consult in this matter, the Court would proceed to the second prong of the Strickland analysis, in this case whether "counsel's deficient performance . . . actually cause[d] the forfeiture of the defendant's appeal. Flores-Ortega, 528 U.S. at 484. If Whitson cannot demonstrate that, "but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." Granger v. Hurt, 215 F. App'x 485, 494 (6th Cir. 2007)(citing Flores-Ortega, 528 U.S. at 484). In order to make such a showing, Whitson must demonstrate that there is a reasonable probability that, but for his counsel's deficient failure to consult with him about an appeal, he would have timely appealed. Id.

10

In considering the issue of whether Whitson was prejudiced by counsel's alleged failure to consult regarding an appeal, the Court considers the claims articulated in his motion for relief. Whitson presents no colorable arguments to show that he desired an appeal, as they are all either factually or legally without merit, and the Court cannot find that a rational defendant in Whitson's position would have desired an appeal.  In addition, he secured a favorable result, under the circumstances, as he achieved resolution of all charges without proceeding to trial, and the lowest sentence allowed under the law. Therefore, the claim that counsel failed to consult with him regarding the prospects of an appeal fails as Whitson can show no prejudice.

### III.  EVIDENTIARY HEARING

In this case, Whitson presents claims without factual or legal basis, and as such are not entitled to further consideration.  In addition, although Whitson requests an evidentiary hearing, no hearing is required as his allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. Arredondo v. United States, 178 F.3d 778,782 (6th Cir. 1999); Peavy v. United States, 31 F.3d 1341, 1345 (6th Cir. 1994).

### IV. CONCLUSION

Therefore, for the reasons set forth above, it is RECOMMENDED that Whitson's Motion to Vacate, Set Aside, or Correct his Sentence [R. 51] be DENIED.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation.  Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984).

General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir.1995).

This the 30th day of December, 2014.

Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge