UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br> )<br>Plaintiff,   )<br> )<br>V.   )<br> )<br>ERIC LANCE WHITSON,   )<br> )<br>Defendant.   ) | Criminal Action No. 6: 12-67-DCR<br>and<br>Civil Action No. 6: 14-7346-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Eric Lance Whitson has moved the Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  [Record No. 51]  According to local practice, Whitson's motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B).  On December 30, 2014, United State Magistrate Judge Edward B. Atkins issued his report, recommending that Whitson's motion be denied.  [Record No. 68]  Whitson filed timely objections to the report.[1]  [Record No. 69, 70]  Having conducted a *de novo* review of the portions of the recommendation to which Whitson objects, the Court will adopt the magistrate judge's recommended disposition and deny the relief sought.

**I.**

Whitson pleaded guilty pursuant to a written Plea Agreement on February 26, 2013, to Count One of the Indictment charging production of child pornography in violation of 18

---

[1] Whitson's original filing was an unsigned copy, but indicated that the signed copy was mailed in a separate envelope. [Record No. 69, pp. 12–14] The signed copy followed shortly thereafter. [Record No. 70]

U.S.C. § 2251(a) and Count Four, charging possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).[2]  [Record No. 19]  In his Plea Agreement, Whitson waived the right to appeal his sentence unless his term of imprisonment exceeded 180 months.  [Record No. 43, pp. 4–5, ¶ 8]  He was sentenced on September 9, 2013, to a term of imprisonment of 180 months on Count One and 120 months on Count Four, to run concurrently for a total term of 180 months, which was the mandatory statutory minimum.  [Record No. 46]  Whitson did not appeal his sentence.  However, on April 24, 2014, he filed the pending § 2255 motion.

Whitson has asserted three grounds for collateral relief: (i) his counsel was ineffective for failing to consult with him regarding a possible appeal and failed to file an appeal of his sentence; (ii) his counsel was ineffective "due to both the individual and cumulative impact of multiple deficiencies or errors by counsel during the pretrial plea, sentencing and direct appeal process;" and (iii) his "conviction and sentence were violative of the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution," which included Whitson's argument that his (iv) "conviction and sentence are violative of his right to freedom of speech and to petition, his right to be free of unreasonable search and seizure, his right to due process of law, his rights to counsel, to jury trial, to confrontation of witnesses, to present a defense, and to compulsory process, and his right to be free of cruel and unusual punishment under the Constitution."  [Record No. 51, pp. 3–5]  These grounds included additional arguments that his counsel was ineffective for: (v) failing to move for dismissal of the

---

2      The Government dismissed two charges of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) at sentencing.

indictment[3] because it allegedly was not presented or returned in open court; (vi) failing to fully advise him of the law relevant to his decision to plead guilty; (vii) failing to move for suppression of evidence; (viii) failing to investigate or present available evidence and object to false and unreliable evidence; (ix) laboring under a conflict of interest; and (x) cumulative error. [*See* Record No. 51, pp. 8–11.] Whitson further argued that: (xi) the Court judicially modified his plea agreement by allowing an appeal of any sentence that exceeded 180 days, rather than 180 months, at the sentencing hearing. [Record No. 51, p. 8]

On December 30, 2014, Magistrate Judge Atkins recommended that this Court deny Whitson's § 2255 petition. [Record No. 68] The magistrate judge concluded that Whitson knew and understood the waiver provisions and that a slight misstatement by referring to 180 days, rather than months, did not modify the terms of the waiver. The magistrate judge also concluded that it was not objectively unreasonable for counsel not to consult with Whitson regarding an appeal, and that Whitson was not prejudiced by his attorney's actions. Whitson's remaining arguments were merely conclusory legal statements and, therefore, insufficient for relief to be granted. [Record No. 68, p. 3] Consequently, the magistrate judge determined that an evidentiary hearing was unwarranted and that Whitson's motion should be denied.

## II.

In seeking relief under 28 U.S.C. § 2255, a defendant may assert that the sentence was imposed in violation of the Constitution or federal law, that the court lacked jurisdiction, that his or her sentence exceeded the maximum penalty authorized by law, or that the

---

3   This claim is easily rejected because the Indictment was returned in open court on December 20, 2012. [Record No. 5]

sentence is otherwise subject to collateral attack. To prevail on a claim of constitutional error, a defendant must establish an error of constitutional magnitude which had a substantial and injurious effect or impact on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citations omitted). Additionally, to prevail on a claim of non-constitutional error, the defendant must show a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Id*. (citations omitted).

A district court must make a *de novo* determination of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.

#### A.    Alleged Modification of the Plea Agreement[4]

During the sentencing hearing, the Court misspoke by stating that Whitson had waived his right to appeal because the sentence did not exceed 180 *days* rather than 180 months, as specified in the Plea Agreement. [*See* Record No. 49, p. 32.] However, this misstatement does not constitute a judicial modification of Whitson's waiver of the right to appeal any sentence that did not exceed 180 months as set out in his the plea agreement. First, as described in the magistrate judge's report, the terms of the appeal waiver were

---

4    Whitson did not make any specific objections to the magistrate judge's conclusion that the Court did not modify the waiver in the plea agreement. However, out of an abundance of caution and because Whitson included a general objection to the magistrate judge's report, the Court has considered this matter *de novo*.

discussed at length during Whitson's re-arraignment hearing. [Record No. 31, pp. 20–22] Whitson understood the waiver and it was knowingly and voluntarily made.[5] [*Id.*] "Even where statements made by the district court contradict provisions of an appellate waiver, the effect is still the same" where the waiver has been knowingly and voluntarily waived. *United States v. McGee*, 516 F. App'x 515, 518 (6th Cir. March 1, 2013). Second, "any pronouncement from the bench that seeks unilaterally to amend a plea agreement exceeds the court's authority under the Criminal Rules and is without effect." *United States v. Fleming*, 239 F.3d 761, 518 (6th Cir. 2001). Thus, the Court misstatement during the sentencing hearing did not constitute a unilateral modification of the Plea Agreement.

### B. Consultation Regarding Appeal

Whitson alleges that his attorney was ineffective for failing to consult with him regarding an appeal and failing to file a notice on his behalf. Whitson maintains that, notwithstanding his express waiver of his right to file an appeal, "any reasonable person having just received a 15 year sentence would want to test the legality of the sentence and sentencing" and that the only reason he did not ask for an appeal was that he was told it was not possible. [Record No. 69, p. 8] Even assuming that his attorney did not consult with him regarding an appeal, Whitson cannot prevail on his ineffective assistance claim.[6]

---

[5] Whitson also waived his right to collaterally attack his guilty plea, conviction, and sentence. *Davila v. United States*, 258 F.3d 448 (6th Cir. 2001) ("When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255.").

[6] The Government filed an affidavit from Whitson's attorney, Michael Murphy, which stated that Murphy and another attorney working on the matter, Jarrod J. Beck, visited Whitson at the Laurel County Detention Center on September 18, 2013. [Record No. 59-2] During that meeting, Whitson agreed that any appeal would be fruitless due to the waiver. [*Id.*] Murphy indicated that they had earlier discussions regarding the appeal waiver and that Whitson agreed. [*Id.*] However, Whitson filed a Detailed Release

Defendants charged in criminal actions have a Sixth Amendment right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To sustain a claim for ineffective assistance of counsel for failing to timely file a notice of appeal, a defendant must show that: (i) counsel's performance was objectively unreasonable; and (ii) that counsel's unprofessional errors prejudiced him. *Id.* at 688; *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (applying the *Strickland* test to claims for failure to file an appeal). With respect to consulting with a defendant and filing an appeal, counsel's obligation depends on the totality of the circumstances, rather than a bright-line rule. *Johnson v. United States*, 364 F. App'x 972, 975 (6th Cir. 2010) (citing *Flores-Ortega*, 528 U.S. at 480).

Here, Whitson does not contend that he gave counsel express instructions regarding an appeal. *See Johnson*, 364 F. App'x at 975–76. For purposes of the analysis, the Court assumes, without finding, that counsel did not consult with Whitson regarding an appeal.[7] *Id.* Counsel has a duty to consult with the defendant if there is reason to think: (i) "that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal);" or (ii) "that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. Whether the defendant has entered a guilty plea, as here, is highly relevant to the analysis because "a guilty plea both reduces the scope of potentially appealable issues and . . . may indicate that the defendant seeks to end judicial proceedings." *Id.* Additional factors include "whether

---

Report indicating that he had been moved from the Laurel County Detention Center on September 11, 2013, to another facility. [Record No. 65-1]

7       Based on the Court's analysis there is no need to reach the issue of whether Whitson's counsel consulted with him about an appeal.

the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

Counsel had no constitutionally-imposed duty to consult with Whitson in this case. He received the mandatory minimum sentence allowable for the crimes that he admitted; a lower sentence was never available. This minimum sentence was the same sentence that he had bargained for and agreed to in his plea agreement. Further, Whitson knowingly and voluntarily waived his right to appeal a sentence of this length. As a benefit for entering into the plea agreement, the government dismissed two counts charging receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2).

Whitson argues that it was reasonable that he would want to appeal because he was sentenced to 15 years, and that he would have asked for an appeal if he thought it was possible. However, he does not demonstrate, in any way, that he ever desired to seek appellate relief, made that desire known to his attorney, or that there were any nonfrivolous grounds for appeal. In short, there is no basis for this Court to find that a rational defendant would want to file a frivolous appeal or that Whitson reasonably demonstrated to counsel that he was interested in appealing. Thus, this Court agrees with the magistrate judge's recommendation that Whitson's counsel did not have a duty to consult with him regarding an appeal, and counsel's representation did not fall below an objective standard of reasonableness.

However, even if his attorney had a duty to consult with Whitson and failed to do so, the Court would still find that Whitson was not prejudiced by counsel's deficient performance under the second factor of *Strickland*. Under this analysis, Whitson must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to

consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. 484; *see Granger v. Hurt*, 215 F. App'x 485, 494 (6th Cir. 2007).  There is nothing in the record to suggest that Whitson would have appealed.  As noted above, there is no evidence of nonfrivolous grounds for appeal.  *Flores-Ortega*, 528 U.S. at 485–86.  Moreover, Whitson did not promptly express a desire to appeal.  *Id.*  Whitson was informed of the deadline for filing an appeal at sentencing, [Record No. 49, p. 32], yet Whitson waited more than seven months to file this habeas motion.  *See Johnson*, 364 F. App'x at 977; *Cross v. United States*, 73 F. App'x 864, 866 (6th Cir. 2003) (denying relief where eight months passed before defendant filed § 2255 petition for failure to file an appeal).  Accordingly, Whitson's claim for ineffective assistance of counsel based on the failure to file an appeal, or failure to consult with him regarding an appeal, is without merit.

      **C.**     **Remaining arguments**

Because Whitson's remaining arguments were not sufficiently developed for analysis, the magistrate judge found that he was not entitled to relief.  The undersigned agrees with this conclusion.  Whitson makes a number of conclusory arguments without delineating any facts that would allow the Court to find that he supported his claims by a preponderance of the evidence.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).  For instance, Whitson argues that his counsel "owed a duty other than to Mr. Whitson," which caused a conflict of interest, but Whitson fails to identify the alleged duty.  [Record No. 51, p. 11]  Such conclusory statements, without factual material upon which to test the validity of the conclusions, are insufficient the claim for relief requested.  *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Slayton v. United States*, 2011

WL 1364059, at *2 (E. D. Tenn. April 11, 2011) ("A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255."). The authorities cited by Whitson in his objections do not compel a different conclusion. *See United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980) (noting that mere conclusionary statements in a § 2255 motion are not enough to require a hearing, but that a moving party need not "detail" his evidence but must make factual allegations). Thus, as the magistrate judge concluded, Whitson's remaining arguments are insufficient to warrant relief.

      **D.**      **Evidentiary Hearing**

The Court also agrees with the magistrate judge's recommendation that an evidentiary hearing is not warranted. Whitson is not entitled to relief on his claims. Further, his allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Peavy v. United States*, 31 F.3d 1341, 1345 (6th Cir. 1994).

      **E.**      **Certificate of Appealability**

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Whitson has not made a substantial showing that he was denied his constitutional rights. Reasonable jurists would not debate the denial of Whitson's § 2255

petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. *Id.* A Certificate of Appealability will not be issued.

### IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Edward B. Atkins [Record No. 68] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Eric Lance Whitson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 51] is **DENIED**.

3. The Court declines to issue a Certificate of Appealability.

4. A Judgment in favor of the United States shall issue this date.

This 9th day of February, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge