UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 12-067-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ERIC LANCE WHITSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Eric Whitson pleaded guilty to producing and possessing child pornography. On September 9, 2013, he was sentenced to 180 months' imprisonment, to be followed by 15 years of supervised release. [Record No. 46] Pursuant to the waiver provision contained in his plea agreement, he did not file a direct appeal. Thereafter, Whitson's motion for relief under 28 U.S.C.§ 2255 was denied.

Whitson has now filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In support, he asserts that he suffers from health problems which place him at an increased risk of severe complications of COVID-19. However, Whitson has not demonstrated that there are extraordinary and compelling reasons which would justify his release. Further, the factors outlined in 18 U.S.C. § 3553(a) do not weigh in favor of a sentence reduction. Accordingly, Whitson's motion will be denied.

## I.     Compassionate Release

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A), which provides:

the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A three-step test applies to deciding motions for compassionate release. *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). First, the Court determines whether extraordinary and compelling reasons warranting a sentence reduction exist. *Id*. Second, the Court considers any applicable policy statements found in the United States Sentencing Guidelines. *Id.* at 1108. Third, the Court determines whether relief is warranted under the factors outlined in 18 U.S.C. § 3553(a). *Id.*

The Sixth Circuit has made clear that there is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on his own behalf. *Id.* at 1108-09. Accordingly, when dealing with motions filed by prisoners, the Court skips step two of the three-step analysis. *Id.* at 1111.

### A.     Extraordinary and Compelling Reasons

When an imprisoned person files a motion for compassionate release, the district court

---

[1] Contrary to Whitson's suggestion, exhaustion of administrative remedies is not excused with respect to motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). However, Whitson asserts that he filed a request for administrative relief with the Warden of his facility, which was denied on October 21, 2020. Accordingly, he has sufficiently alleged exhaustion of administrative remedies. *See id*. at 833-34 (observing that a prisoner must "'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison.").

has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109. However, "[s]ection 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). While the policy statement found in U.S.S.G. § 1B.13 of the United States Sentencing Guidelines is not binding, it provides a helpful starting point for deciding whether extraordinary and compelling reasons exist.

As relevant here, the application notes to § 1B1.13 provide the following:

(A)  Medical Condition of the Defendant—
  (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
  (ii)  The defendant is—
    (I)  suffering from a serious physical or medical condition,
    (II)  suffering from a serious functional or cognitive impairment, or
    (III)  experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1.

Whitson asserts that he suffers from obesity and kidney disease, which make him particularly vulnerable to COVID-19 and its effects. The Centers for Disease Control report that adults with obesity and chronic kidney disease are at an increased risk of severe illness from the virus that causes COVID-19.[2] However, Whitson has not provided any documentary

---

[2]  CENTERS FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, (updated Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

evidence or details regarding the severity of his underlying illnesses. And as this Court has previously explained, generalized fears of contracting COVID-19, without more, do not constitute a compelling reason for release. *See United States v. Bothra*, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020).

### B. § 3353(a) Factors

Even if Whitson had established extraordinary and compelling reasons favoring a sentence reduction, the factors listed in 18 U.S.C. § 3553(a) do not weigh in favor of the relief requested. These factors include the nature and circumstance of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to provide deterrence, and to protective the public from further crimes; and the need to avoid unwarranted sentencing disparities. § 3353(a).

Whitson's sentence of 180 months' imprisonment is the *mandatory minimum* term of imprisonment for his crimes, pursuant to 18 U.S.C. § 2251(e). And during the defendant's sentencing hearing, the Court concluded that the mandatory minimum sentence was sufficient, but not greater than necessary, to meet the objectives of § 3553(a). The Court remains persuaded that 180 months' of imprisonment is a minimally sufficient sentence for the defendant's conduct.

The defendant's crimes are extremely serious. Whitson produced child pornography by hiding a "groin height" camera on the toilet in his residence. Controlling the camera from his bedroom, he surreptitiously recorded a 16-year-old boy urinating on at least two occasions. Law enforcement officers' review of videotapes and discs retrieved from Whitson's residence contained footage focusing directly on the minor's genitals. With respect to the charge of

possessing child pornography, Whitson possessed over 600 pornographic images of pre-pubescent boys, some of which involved sadistic and/or masochistic conduct.

In imposing the mandatory minimum sentence, the Court considered the defendant's positive characteristics. Specifically, he clearly demonstrated acceptance of responsibility, he did not have any criminal history points, and he had held steady employment for several years.

But despite the defendant's positive attributes, the undersigned determined that a lengthy sentence was necessary to reflect the seriousness of his offenses, which have harmed some of the most vulnerable members of the population. Additionally, a substantial sentence was -- and is -- needed to deter the defendant and others who might be inclined to engage in similar conduct. *See United States v. Demma*, 948 F.3d 722, 731-32 (6th Cir. 2020) ("[G]eneral deterrence is crucial in the child pornography context."). A lengthy prison sentence also serves the purpose of protecting the public, particularly minors who are victims in these types of cases. Finally, imposing the mandatory minimum sentence promotes unwarranted sentencing disparities.

Whitson contends that he has served 96 months of his sentence and that his prison record "has been exemplary . . . [f]or at least the last year." He asserts that his minimal PATTERN score means that he is not a danger to the safety of any other person or the community.[3] Further, he contends that the conditions of supervised release or home confinement would "more than adequately protect the public."

---

[3]  Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN") is the BOP's risk and needs assessment tool, which was announced on July 19, 2019, in accordance with the requirements of the First Step Act. *FSA Update*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/resources/news/20200115_fsa_update.jsp (last visited Jan. 5, 2021).

The Court commends the defendant for avoiding disciplinary infractions and taking advantage of BOP programming. However, release under § 3582(c)(1)(A) cannot be based on rehabilitation alone. *Ruffin*, 978 F.3d at 1009. For the reasons stated at sentencing and herein, 180 months remains the appropriate term of imprisonment to meet the goals of § 3553(a).

## II.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant Eric Whitson's motion for compassionate release [Record No. 89] is **DENIED**.

Dated: January 6, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky